## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRON MCFARLAND, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 2:05-cv-08050-SLB-JEO |
| | ) | 2:01-cr-00111-SLB-JEO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The defendant, Adron McFarland, has filed a motion to vacate, set aside, or correct his

conviction and sentence pursuant to 28 U.S.C. § 2255 (hereinafter "Motion"). (Doc. 1).[1] Upon

consideration, the court finds that the motion is due to be denied.

## BACKGROUND

The defendant was found guilty by a jury of possessing in excess of 50 grams of crack

cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and possessing a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At sentencing, the

defendant was given a two-level enhancement for obstruction of justice because the court

determined that he lied under oath. He was sentenced on August 22, 2001, to a custodial

sentence of 168 months on Count One and 60 months on Count Two to be served consecutively.

His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals.

On June 13, 2005, he filed the present motion to vacate, set aside, or correct his

conviction and sentence. (Motion at 1). In the motion, he asserts that his counsel was ineffective

---

[1]The motion is captioned as a "Memorandum of Law In Support of Motion Pursuant to 28 U.S.C. § 2255." (Doc. 1 in
2:05-cv-08050-SLB-JEO and Doc. 33 in 2:01-cr-00111-SLB-JEO).

in failing to challenge the obstruction of justice enhancement and that his sentence is incorrect, unlawful, and unconstitutional in view of the United States Supreme Court holdings in *Blakely*[2] and *Booker/Fanfan*.[3]  The magistrate judge assigned this matter required the United States to file a response.  Therein, it asserts that the motion is due to be denied because the holdings in *Blakely* and *Booker* are not to be applied retroactively to § 2255 proceedings and because counsel rendered effective assistance at sentencing.  (Response at 7).[4]  The defendant has been afforded an opportunity to reply to the response of the United States.  He responds that because the Sentencing Guidelines were improperly applied in his case, his situation warrants retroactive application of the Supreme Court's recent holdings.  (Reply at 4).[5]  He further states that his counsel's performance was deficient in that he failed to object to the enhancement at sentencing and failed to raise the issue on appeal.  (*Id*. at 5-6).

## FACTS

The evidence adduced at trial showed that on September 26, 2000, Birmingham Police Officer Carlos Owen observed a car parked on the wrong side of the road.  (Trial Tr. at 12-13).[6] As Officer Owen approached the car, he observed the defendant exit the passenger side of the car and walk to the middle of the street.  (*Id*. at 14-15).  When the defendant observed Owen's patrol car, he quickly returned to the car.  (*Id*. at 15).  Owen then saw the defendant bend over, make a

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[3] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[4] The Response is located at document 3 in 2:05-cv-08050-SLB-JEO.

[5] The Reply is located at document 6 in 2:05-cv-08050-SLB-JEO.

[6] The trial transcript is located at document 25 in 2:01-cr-00111-SLB-JEO.

throwing motion under the passenger door, and shut the car door.  (*Id*.).  The defendant then got out of the car and walked across the street to a nearby residence where he sat down on the porch.  (*Id*. at 15-19, 31).  Owen approached the car and had the driver get out.  Owen asked him what the defendant threw under the car.  (*Id*. at 18).  He did not answer.  He took off running.  (*Id*.).  Owen did not pursue him.  Instead, he waited for other officers to arrive.  While he waited, he saw the defendant take a cigarette pack out of his pocket and put it on the porch table.  (*Id*. at 19).  When the other officers arrived, Owen went to the front porch.  He observed a bag consistent with crack cocaine packaging sticking out of the cigarette pack that the defendant had placed on the table.  (*Id*. at 19-20, 33).  He picked up the cigarette pack and observed several plastic baggies containing a white substance.[7]  The defendant was arrested and placed in a patrol car.  Owen then walked to the car where the defendant was initially observed.  He found a loaded .380 caliber semi-automatic pistol and a clear bag with a large amount of suspected crack cocaine under the car where the defendant was seen earlier.[8]  (*Id*. at 20-22, 25).

After Owen advised the defendant of his rights, he (the defendant) admitted that the drugs in the cigarette pack belonged to him.  (*Id*. at 21-23, 38).  However, he denied throwing anything under the car.  (*Id*.).  An inventory of the car resulted in the recovery of a set of scales with white residue on them and a box of .380 ammunition in the right front passenger seat.  (*Id*. at 23-24).

## DISCUSSION

### *Blakely* and *Booker*

The defendant asserts that his sentence is improper because the court imposed it in

---

[7]Laboratory analysis of the substance showed that it was 5.12 grams of crack cocaine.  (*Id*. at 63, 66-67).

[8]Laboratory analysis of the substance showed that it was 50.47 grams of crack cocaine.  (*Id*. at 63, 66-67).

violation of the holdings in *Blakely* and *Booker*.  The Eleventh Circuit Court of Appeals held in

*In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004), that *Blakely* was not retroactive to cases on

collateral review.  It has similarly held that the more recent decision in *Booker* that the federal

Sentencing Guidelines were subject to the jury trial requirements of the Sixth Amendment and

that the Guidelines are "advisory" did not apply to cases on collateral review.  *In re Anderson*,

396 F.3d 1336 (11th Cir. 2005);[9] *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir.), *cert.*

*denied*, ___ U.S. ___, 126 S. Ct. 312, 163 L. Ed. 2d 269 (2005).  Accordingly, the defendant is

entitled to no relief on this claim.

### Ineffective Assistance of Counsel

The defendant also asserts that his counsel was ineffective because he did not challenge

the obstruction of justice enhancement that was applied at sentencing to increase his Sentencing

Guidelines range.  (Motion at 2).  The United States responds that counsel cannot be ineffective

in failing to anticipate the Supreme Court's subsequent holdings in *Blakely* and *Booker* and that

the defendant cannot demonstrate the requisite prejudice to entitle him to relief.  (Response at

10).

The standard for reviewing claims of ineffective assistance of counsel is well-settled.  It is

as follows:

> The defendant must show that counsel's performance fell below
> constitutional standards and that his defense was prejudiced as a result.  *Strickland*
> *v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674
> (1984). Ineffective assistance exists if: (1) counsel's performance was objectively
> unreasonable; and (2) a reasonable probability exists that the outcome would have
> been different absent the deficiency.  *Id.* at 691, 104 S. Ct. at 2066.  There is a
> strong presumption that counsel's performance was reasonable and adequate, with

---

[9]The court notes that both *Dean* and *Anderson* involved successive motions.

great deference shown to choices dictated by reasonable trial strategy. *Rogers v.
Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Our review of an ineffective-assistance-
of-counsel claim is from the perspective of defense counsel, and we consider the
facts "as they were known to counsel at the time of the representation." *United
States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

*Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001), *cert. denied*, 534 U.S. 1167,

122 S. Ct. 1185, 152 L. Ed. 2d 126 (2002).  Generally, an ineffective assistance of appellate

counsel claim also is analyzed under this two-pronged *Strickland* test.  *See Heath v. Jones*, 941

F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077, 112 S. Ct. 981, 117 L. Ed. 2d 144

(1992).  To prove his ineffective assistance claims, the defendant is thus required to meet both

the performance and prejudice prongs of the *Strickland* test, which is difficult.  As the Eleventh

Circuit has noted, "the cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386

(11th Cir.), *cert. denied*, 513 U.S. 899, 115 S. Ct. 255, 130 L. Ed. 2d 175 (1994).

Meeting the first prong is difficult because "[j]udicial scrutiny of counsel's performance

must be highly deferential," and courts must "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance; that is, the defendant

must overcome the presumption that, under the circumstances, the challenged action "might be

considered sound trial strategy."  *Strickland*, 466 U.S. at 689.  In discussing the first prong of

*Strickland*, the Eleventh Circuit has stated as follows:

> The Supreme Court has mandated a highly deferential review of counsel's
> conduct, especially where strategy is involved.  *Strickland v. Washington*, 466
> U.S. 668, 689-90, 104 S. Ct. 2052, 2065-66, 80 L. Ed. 2d 674 (1984).  Intensive
> scrutiny and second-guessing of attorney performance are not permitted.  *Id.*;
> *accord*, *e.g.*, *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) ("Most
> important, we must avoid second-guessing counsel's performance."); *White v.
> Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992) ("Courts also should at the start

> presume effectiveness and should always avoid second-guessing with the benefit
> of hindsight."). Because it is a "wide range" of performance that is
> constitutionally acceptable, "the cases in which habeas petitioners can properly
> prevail on the ground of ineffective assistance of counsel are few and far
> between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Cases in which
> deliberate strategic decisions have been found to constitute ineffective assistance
> are even fewer and farther between.

*Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115, 115 S.

Ct. 911, 130 L. Ed. 2d 793 (1995).

To meet the second prong, the petitioner "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694.[10] A reasonable probability is "a probability sufficient to

undermine confidence in the outcome." *Id*.

The defendant is entitled to no relief because he cannot satisfy either prong of the

*Strickland* test. Concerning the first prong, the defendant has failed to show that his counsel's

performance was objectively unreasonable under the circumstances. Counsel cannot be faulted

in failing to challenge the imposition of the obstruction enhancement in 2001 when the *Blakely*

line of cases upon which he relies were not decided until 2004 and 2005. Even if counsel's

performance could be deemed deficient under the circumstances, the defendant cannot

demonstrate the requisite prejudice under the second prong.

The obstruction enhancement was imposed because the court found

> that the defendant willfully attempted to impede or obstruct the administration of
> justice during the prosecution by giving false testimony under oath at trial.
> Perjury is committed when a witness testifying under oath gives false testimony
> concerning a material matter with the willful intent to provide false testimony.

---

[10]In certain limited circumstances, prejudice is presumed. *Strickland*, 466 U.S. at 692.

It is my conclusion and finding that the defendant made a false statement concerning a material matter under oath when he testified that he did not make a throwing motion under the car.  It is my opinion that he committed perjury and attempted to impeded or obstruct the administration of justice when he testified that the drugs and gun were not his.

It is my opinion that he committed perjury and attempted to obstruct the administration of justice when he testified that he had never sold crack.  It is my opinion that Mr. McFarland committed perjury and attempted to obstruct the administration of justice when he testified that he did not make a statement to Officer Owen that the crack in the cigarette package was his.

There may have been some other instances, but all of those particulars were items that were material to the jury's finding of guilt or innocence of Mr. McFarland, and its my opinion that he committed perjury when he made those statements under oath.  So I think the enhancement for the obstruction of justice is appropriate in this case.

(Sent. Tr. at 7-8).[11]  At trial, the defendant testified that he did not get out of the car (Trial Tr. at 99), that he did not make a statement admitting to the possession of the crack in the cigarette pack (*id*. 113-17), that the drugs and gun were not his (*id*. at 104, 113-16), and that he had never sold crack (*id*. at 111-12).  This was contrary to Officer Owen's testimony that the defendant did get out of the car (*id*. at 15-19, 31) and that he did admit to possessing the crack in the cigarette pack (*id*. at  21-23, 38).  Additionally, the defendant's assertions that the gun and drugs did not belong to him were rejected by the jury as is evidenced by their verdict.  The court's conclusion that he obstructed justice is well supported by the testimony at trial.  If the jury had believed his testimony, he would have been acquitted.  Therefore, there is no reason to believe that even if this matter had been submitted to the jury that the result would have been any different.  To the contrary, the court is convinced that the jury similarly would have determined that he was lying.

---

[11]The sentencing transcript is located at document 26.

**CONCLUSION**

Premised on the foregoing, the defendant's motion to vacate, set aside, or correct his sentence is due to be denied.  An appropriate order will be entered.

The Clerk of the Court is **DIRECTED** to serve a copy of this memorandum opinion upon the defendant and counsel of record.

**DONE**, this the 27th day of September, 2006.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE